UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROOR INTERNATIONAL BV and
SREAM, INC.,

    Plaintiffs,

v.                       Case No.: 2:19-cv-222-FtM-38MRM

ULLAH BUSINESS INC. and
MOHAMMED ULLAH,

    Defendants.
_____/

**<u>ORDER</u>**[1]

In a previous order, the Court granted initial defendants Nipa Enterprise, Inc. and Ashmaul Hosna's Motion for Rule 11 Sanctions against Plaintiffs' counsel and awarded Nipa and Hosna the "reasonable costs and attorney's fees they incurred in defending this action." (Doc. 41). The Court ordered Nipa and Hosna to file their billing records, so the Court could determine the amount of the sanctions. Nipa and Hosna's counsel filed an Affidavit of Actual Attorney's Fees and Costs, supported by itemized billing entries, showing a total of $7,106.30. (Doc. 42).

Plaintiffs Roor International BV and Sream, Inc. filed an Objection to the Amount of Fees Sought by the Defendants, requesting that sanctions be limited "to reflect the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

work performed by the Defendants' counsel with respect to the Motion for Sanctions and any effort required following that time." (Doc. 48). Roor and Sream's objection is premised on the mistaken belief that sanctions were imposed "because the Plaintiffs failed to timely respond to [Nipa and Hosna's] Motion for Sanctions." (Doc. 48). Not so. The Court sanctioned Plaintiffs' counsel because he signed and filed an objectively baseless pleading. Plaintiffs go on to request leniency because their counsel investigated Nipa and Hosna's culpability *after* suing them, and, finding them innocent, amended the complaint to remove them. In the event it is not yet clear why sanctions were imposed— **The Court is sanctioning Plaintiffs' counsel because he did not reasonably investigate his client's claims *before* suing the wrong parties.**

Plaintiffs do not object to the hourly rates or billing entries in the Affidavit. And after examining the Affidavit and attached timesheets, the Court finds the amount requested to be reasonable.

Accordingly, it is now

**ORDERED:**

Counsel for Plaintiffs is **ORDERED** to pay Nipa Enterprise, Inc. and Ashaul Hosna Rule 11 sanctions in the amount of $7,106.30 on or before **August 30, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record