UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROOR INTERNATIONAL BV and
SREAM, INC.,

      Plaintiffs,

v.                                            Case No.: 2:19-cv-222-FtM-38MRM

ULLAH BUSINESS INC.,
MOHAMMED ULLAH, ASHMAUL
HOSNA and NIPA ENTERPRISE,
INC.,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiffs Roor International BV and Sream, Inc.'s Motion for Sanctions Invoking the Inherent Jurisdiction of This Court (Doc. 54) and former Defendants Nipa Enterprise, Inc. and Ashmaul Hosna's response (Doc. 55). Plaintiffs also filed a reply (Doc. 57) in violation of Local Rule 3.01(c).

This dispute started when Plaintiffs erroneously sued Nipa and Hosna for trademark infringement. Nipa and Hosna moved for sanctions under Federal Rule of Civil Procedure 11, and Plaintiffs acknowledged Nipa and Hosna's innocence and dropped them from the case. The Court then ordered Plaintiffs' counsel to pay Nipa and Hosna's

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

costs and attorney fees as Rule 11 sanctions. (Doc. 47). Plaintiffs' counsel objected to the amount sought by Nipa and Hosna. (Doc. 48). Nipa and Hosna's response to Plaintiffs' objection included the following paragraph:

> Finally, it should be noted that the entire business model on which the lawsuit is based appears to be nothing more than a modern form of champerty and barratry. An agent of the Plaintiffs will approach a business owner with no pre-existing knowledge of ROOR products and no desire to sell ROOR products, like the owner of a small convenience store. The agent will offer to allow the business owner the opportunity to sell a "ROOR" water bong on a contingency, such the business owner does not have to pay for the product up front, but instead only pays for the product if it sells. The business owner relents, and puts the water bong on a shelf somewhere, but no legitimate customers are interested, as general convenience stores are not the typical location where water bongs are typically sold. The Plaintiffs then send in another agent to buy the water bong. The business owner sells it for a profit under $60.00. The transaction is recorded, and a federal lawsuit is then filed. The purpose of the federal lawsuit is NOT to protect the ROOR brand, but instead to extract nuisance settlements solely for the financial benefit of the Plaintiffs and their lawyers. In a state with nearly 100,000 lawyers, this type of chicanery is unfortunately common given the competition for legitimate clients. It is very common with ADA cases as well. This type of practice tends to bring dishonor on the legal profession as a whole.

(Doc. 49 at 3-4). Plaintiffs call these allegations "false, slanderous, and unfounded" and accuse Nipa and Hosna's counsel, Matthew Toll, of ethics violations. (Doc. 54). Toll acknowledged that he "did speculate" in the above-quoted paragraph, and he withdrew the response. (Doc. 55).

Plaintiffs' motion for sanctions does not comply with Rule 11. Instead, Plaintiffs ask the Court to invoke its inherent power to sanction attorneys who litigate in bad faith. The Eleventh Circuit has cautioned that "because a court's inherent powers are so potent, they must be exercised with restraint and discretion." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1546 (11th Cir. 1993). The Court finds restraint appropriate here. The

current dispute is better suited for a complaint before the Florida Bar, which can apply its ethics rules, or a separate tort action, where liability and damages can be fully litigated.

Accordingly, it is now

**ORDERED:**

Plaintiffs Roor International BV and Sream, Inc.'s Motion for Sanctions Invoking the Inherent Jurisdiction of This Court (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of August, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record