UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROOR INTERNATIONAL BV and
SREAM, INC.,

    Plaintiffs,

v.                                          Case No.:   2:19-cv-222-FtM-38MRM

ULLAH BUSINESS INC., MOHAMMED
ULLAH, ASHMAUL HOSNA and NIPA
ENTERPRISE, INC.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Pending before the Court is a Motion to Strike Defendant's [sic] Response to Complaint and for Entry of Clerk's Default, filed on November 19, 2019. (Doc. 63). Plaintiffs Roor International BV and Sream, Inc. ask the Court to enter a clerk's default against Defendants Ullah Business Inc. and Mohammed Ullah and to strike Defendants' Answer to the Amended Complaint. (Doc. 63 at 1). For the reasons below, the Undersigned recommends the Motion be granted in part and denied without prejudice in part.

**BACKROUND**

    On July 22, 2019, Plaintiffs filed an Amended Complaint for Injunctive Relief and Damages, which amended pleading substituted Ullah Business Inc. and Mohammed Ullah as Defendants in this action. (Doc. 38 at 1). On August 6, 2019, an affidavit of service was filed as to Defendant Ullah Business Inc., stating service was effectuated by serving the corporation's registered agent, Mohammed Ullah, on July 29, 2019. (Doc. 44 at 1). On the same date, an affidavit of service was filed as to Defendant Mohammed Ullah, stating service was effectuated by personally serving Mr. Ullah on July 29, 2019. (Doc. 46 at 1). On August 16, 2019, Mr.

Ullah, proceeding *pro se*, purported to file an Answer to the Amended Complaint on behalf of himself and Ullah Business Inc. (Doc 51 at 1). On November 19, 2019, Plaintiffs filed the Motion to Strike Defendant's [sic] Response to Complaint and for Entry of Clerk's Default. (Doc. 63). Defendants have not filed a timely response to the instant Motion, therefore the Motion is ripe for review.

## LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure permits a party, or the court acting *sua sponte*, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters. *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10-cv-44-Orl-19GJK, 2010 WL 2367227, at *1 (M.D. Fla. June 14, 2010). "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (alteration in original) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

Further, under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, the Court must first determine whether service of process was properly effected. *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). The

movants have the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

## ANALYSIS

Plaintiffs argue Defendants' Answer should be stricken because the response was executed by Mr. Ullah who is a layperson and not a licensed attorney. (Doc. 63 at 1). Therefore, Plaintiffs contend the Defendants have "failed to file an Answer" and the purported Answer should be "stricken as a legal nullity." (*Id*. at 2). Accordingly, because of this "failure" Plaintiffs request this Court enter a clerk's default as to Defendants Ullah Business Inc. and Mohammed Ullah for "failing to properly file a responsive pleading within 21 days of being served." (*Id*.). The Undersigned addresses Plaintiffs' arguments as to each named Defendant.

### A.  Individual Defendant — Mohammed Ullah

Rule 55 permits a Court to enter clerk's default if a party fails to plead or otherwise defend in an action instituted against him. *See* Fed. R. Civ. P. 55(a). Here, Defendant Mohammed Ullah filed an answer *pro se* and, therefore, a clerk's default as to him is not appropriate. (*See* Doc. 51). The Undersigned notes Defendant's Answer was improper in that it failed to comply with Fed. R. Civ. P. 10, as well as purporting to file an answer on behalf of the entity Defendant Ullah Business Inc. (*See id*.). For these reasons, the Undersigned recommends the Answer be stricken in its entirety and that Mr. Ullah be ordered to file an Amended Answer on his own behalf on a date certain to be chosen by the presiding District Judge.

### B.  Entity Defendant — Ullah Business Inc.

Pursuant to 28 U.S.C. § 1654, a party may appear and conduct their own cases personally. This rule, however, does not extend to corporations. Indeed, this Court has held that a layperson is not permitted to represent any other person or entity. *U.S. ex rel. Stronstorff v.*

*Blake Med. Ctr.*, No. 8:01-cv-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003).  Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.  *Id.* (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)).  Moreover, the Eleventh Circuit has held that a corporation cannot proceed *pro se* and must be represented by counsel.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  Additionally, this Court's Local Rules state that a corporation "may appear and be heard only through counsel admitted to practice in the Court." M.D. Fla. R. 2.03(e).

In this case, because Defendant Ullah Business Inc. is a corporation, it cannot proceed *pro se* and must secure counsel to defend it.  The purported Answer (Doc. 51) filed by Mohammed Ullah on behalf of Defendant Ullah Business Inc. was not filed by an attorney. Thus, the Answer (Doc. 51) is improper and the Undersigned finds that the pleading must be stricken from the record.

As to the propriety of a clerk's default relating to Defendant Ullah Business Inc., Fed. R. Civ. P. 4(h) governs service of process upon a corporation.  The Rule provides in relevant part:

> (h)  Serving a Corporation, Partnership, or Association.  Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1)  in a judicial district of the United States:
>
> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . .

4

Fed. R. Civ. P. 4(h)(1).

For its part, Fed. R. Civ. P. 4(e)(1) provides:

> (e)  Serving an Individual Within a Judicial District of the United States.  Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).

Because Fed. R. Civ. P. 4(e)(1) permits the Court to follow state law in the state where the district court is located or where service is made, the Court must also consider Florida law governing service of process on a corporation.  In that regard, according to Fla. Stat. § 48.101, "[p]rocess against any [ ] dissolved corporation shall be served in accordance with s. 48.081."  Accordingly, Fla. Stat. § 48.081(b) provides:

> If the address for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.

Fla. Stat. § 48.081(b).

In relevant part, Fla. Stat. § 48.031(1)(a) provides "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper[.]"  Therefore, one may effectuate service upon a dissolved corporation by delivering a copy of the complaint to the person to be served.  Fla. Stat. § 48.031(1)(a).

5

Ullah Business Inc. was administratively dissolved under the laws of Florida for failure to file an annual report.  Further, Mr. Ullah indicated in his purported answer that "the business had to close around three (3) years ago because it was not profitable[.]"  (Doc. 51 at 1).  Therefore, because the company is dissolved, service of process was effectuated pursuant to Fla. Stat. § 48.101.

Here, Plaintiffs state that "on July 29, 2019, Ullah Business Inc. was served with the Amended Complaint and Summons through Mohammed Ullah as Registered Agent, Ullah Business Inc, at 402 S. U.S. Hwy 41, Ruskin, Florida 33570."  (Doc. 63 at 1 (emphasis removed)).  Mr. Ullah provided the address of 402 S. U.S. Hwy 41, Ruskin, Florida 33570 as his address in his purported Answer and it is also the address listed on CM/ECF for Mr. Ullah to receive copies of the relevant filings in this case.  (*See* Doc. 51 at 1).  Therefore, it would appear 402 S. U.S. Hwy 41, Ruskin, Florida 33570 is the proper address to serve Defendant Ullah Business Inc.

While it is not clear if the address Mr. Ullah provided was a residence, a private mailbox, or a virtual office, the Affidavit of Service indicates Mr. Ullah, as a registered agent, was provided a copy of the Summons and Amended Complaint and informed of the contents therein at the address 402 S. U.S. Hwy 41, Ruskin, Florida 33570.  (*See* Doc. 44 at 1).  Based upon the foregoing, it appears that service of process upon Ullah Business Inc. was sufficient under Fed. R. Civ. P. 4(e)(1) and Fla. Stat. § 48.101.

Therefore, because Defendant Ullah Business Inc. was properly served and did not respond through counsel of record as required by this Court's rules, the Undersigned recommends the clerk's default be entered against Defendant Ullah Business Inc.

## CONCLUSION

For the foregoing reasons, the Undersigned recommends that:

1. The Motion to Strike Defendant's [sic] Response to Complaint and for Entry of Clerk's Default (Doc. 63) be **GRANTED** in part and **DENIED** in part as set forth below.

2. The Presiding United States District Judge:

    a. **GRANT** the Motion insofar as it seeks to strike the operative Answer (Doc. 51) because Mohammed Ullah cannot respond to the Amended Complaint on behalf of Ullah Business Inc.

    b. **GRANT** the Motion insofar it seeks to entry of clerk's default against Ullah Business Inc.

    c. **DENY** without prejudice the motion insofar as it seeks entry of clerk's default against Defendant Mohammed Ullah.

    d. Order Mohammed Ullah to file an Amended Answer on his own behalf in compliance with Fed. R. Civ. P. 10 on a date certain to be chosen by the presiding District Judge.

Respectfully recommended in Chambers in Ft. Myers, Florida on February 18, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties